## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**TODD M. JACK,**                                    CASE NO. 3:22 CV 2161

    Plaintiff,

    v.                                              JUDGE JAMES R. KNEPP II

**MICHAEL TIPSORD, et al.,**
                                                    **MEMORANDUM OPINION**
    Defendants.                                 **AND ORDER**


### INTRODUCTION

*Pro se* Plaintiff Todd M. Jack has filed this action against State Farm Automobile Insurance ("State Farm") and its CEO, Michael Tipsord (Docs. 1, 3). Plaintiff seeks compensatory relief. For the reasons that follow, the Court dismisses this action.

### BACKGROUND

On December 1, 2022, Plaintiff filed a Complaint against State Farm and its CEO, Tipsord, in which Plaintiff purportedly seeks compensation from Defendants for property damage incurred as a result of a July 2022 automobile accident. *See* Doc. 1. It appears Plaintiff's Complaint is directed against State Farm as the insurer of the driver of the vehicle that allegedly struck Plaintiff. *See id.* Plaintiff identifies Kevin L. Ryan as the insured yet asserts no claim against him. And although Tipsord is named as a Defendant, Plaintiff makes no specific allegations against him in this action.

Plaintiff attached to his Complaint a copy of a judgment entry from the Stark County Court of Common Pleas, Case No. 2022 CV 01383, granting Tipsord's motion to dismiss

Plaintiff's state complaint against him. *See* Doc. No. 1-4. The state court found Plaintiff failed to assert any allegations against Tipsord, and his status as the alleged CEO of the tortfeasor's liability insurer provided no basis upon which to name him as a defendant in the action. *See id.* at 4-5. The court also concluded Plaintiff could not maintain an action against the alleged tortfeasor's liability insurer without first having obtained a judgment against the tortfeasor. *Id.* at 5. A review of the Stark County Court of Common Pleas docket reveals the court subsequently granted State Farm's motion for judgment on the pleadings, and closed the case on February 10, 2023. *See Jack v. Tipsord, et al.*, No. 2022 CV 01383 (Stark Cnty. Ct. Comm. Pleas).

<h3 style="text-align:center">STANDARD OF REVIEW</h3>

Plaintiff has filed an application to proceed *in forma pauperis* (Doc. 2). That application is granted.

Accordingly, because Plaintiff is proceeding *in forma pauperis*, his Complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2). Under this statute, the Court is expressly required to review all *in forma pauperis* actions and to dismiss before service any such action the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To survive scrutiny under 28 U.S.C. § 1915(e)(2), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See id.* at 471 (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in

2

the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). The plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Additionally, the allegations must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted).

## DISCUSSION

Upon review, the Court finds that Plaintiff's present action is duplicative and therefore barred by *res judicata*. Alternatively, the Court finds Plaintiff's Complaint fails to state a claim upon which relief can be granted.

The term "*res judicata*" essentially means "the matter has already been adjudicated." *Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 104 (2d Cir. 2015). The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id.* The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* Furthermore, *res judicata* bars Plaintiff from

3

relitigating in federal court claims and issues previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

Here, the state court has already decided the issue Plaintiff seeks to litigate in this action – Tipsord and State Farm's duty to compensate him for damages allegedly caused by the actions of State Farm's insured. Indeed, the Stark County Court of Common Pleas concluded (1) Plaintiff failed to state a claim against Tipsord and (2) he could not maintain an action against State Farm because he had not obtained a judgment against its insured. *See* Doc. 1-4, at 4-5. Plaintiff is therefore barred from relitigating these issues in federal court.

Moreover, even if Plaintiff's claims were not barred by *res judicata*, his claims fail for the same reasons found by the state court. Although Plaintiff named Tipsord as a defendant, Plaintiff fails to assert any allegations against him in the Complaint. And Tipsord's status as the CEO of the alleged tortfeasor's liability insurer provides no basis upon which to state a claim against him. Plaintiff has therefore failed to state a claim against Tipsord upon which relief can be granted.

Additionally, "in Ohio, 'an injured person may sue a tortfeasor's liability insurer . . . only after obtaining judgment against the insured.'" *Clarke v. Geico Ins.*, 22021 WL 4148718, at *2 (N.D. Ohio) (quoting *Chitlik v. Allstate Ins. Co.*, 34 Ohio App. 2d 193, 193 (Ohio Ct. App. 1973)). Here, there is no suggestion in Plaintiff's complaint that he has obtained a judgment against the driver of the vehicle that allegedly struck him. Plaintiff therefore cannot maintain an action against State Farm as the alleged tortfeasor's insurer, and he fails to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B); and the Court

FURTHER CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

 *s/ James R. Knepp II*
UNITED STATES DISTRICT JUDGE